Curia, per
Butler, J.
The jury have found that the defendant made the fence which he was removing and that he has used it as his own for more than ten years. It is not denied that, at the time it was erected, the defendant believed he was exercising a right on his own land, or land which he believed to be his own, and it is conceded that he has acquired a good title, by the statute, to every inch of the ground included within the fence; but it is contended that the land covered and actually occupied by the fence itself continued to be the plaintiff’s, as he had joined his fence to that of defendant. There was no evidence that plaintiff had obtained defendant’s consent to join fences. On the contrary, I think it was apparent that it was done against the wishes of the defendant. Be that as it may, the plaintiff’s possession under his fence was only to the fence of the defendant. It did not embrace land either beyond or under it. The plaintiff’s actual occupation was his own exclusively as much so as if he had held it by the wall of a house occupied by himself. In effect it was possessio pedis to the fence and under it a possession commencing too under circumstances which plaintiff should never have questioned; as at the time of its commencement there was a fence on plaintiff’s land indicating'its utmost limit and one that was put there to bé regarded as an actual boundary. We are all well satisfied with the decision below and refuse this motion.
A. P. BUTLER.
We concur. Richard Gantt, Josiah J. Evans, B. J. Earle, John Belton O’Neall.